ANNA WINFIELD, APPELLANT, v. DOROTHY VIVIAN SAUNDERS ET AL., RESPONDENTS.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Louis G. Morton* and *Philip F. Sauer.*

For the respondents, *Eugene R. Hayne.*

The opinion of the court was delivered by

BLACK, J. This was an action in ejectment. It was brought to recover a tract of land situate in the city of Long Branch, known as lot 18, block 8. The complaint consists of two counts. The first count demands the possession of the land. The second count recites that on April 29th, 1888,

the plaintiff, Anna Bowles, was married to one Silas Winfield, and on March 31st, 1889, a son was born at Long Branch, New Jersey, named Thomas Winfield, who is still living.

The premises described in the first count were conveyed to "Anna Winfield and Silas Winfield, her husband," by James Dayton, unmarried, and E. Lucinda DeNyse, widow, by deed dated June 14th, 1911, recorded in the clerk's office of Monmouth county in book 907 of deeds, page 82. The case was heard by Judge Rulif V. Lawrence without a jury, resulting in a judgment for the defendants.

The plaintiff appeals and files two grounds of appeal, neither one of which is effective, as grounds of appeal under the cases in this court, such as *Burgess* v. *Noteboom,* 100 *N. J. L.* 116; *Anderson* v. *Green Cab Co.,* 102 *Id.* 521; *Hygrade Cut Fabric Co.* v. *United States Stores Corp., ante,* p. 324. The first ground states that it was error to admit evidence "which was incompetent and irrelevant" without specifying the specific evidence complained of. We ought not to be required to search the record for this evidence alleged to be incompetent and irrelevant. Assignments of error, as grounds of appeal, must be specific and definitely point out a ground of error, or they will not be considered. Blanket grounds of appeal are inadequate to raise any ruling for review. *Abbe* v. *Erie Railroad Co.,* 97 *N. J. L.* 212.

The second ground is alleged error in receiving in evidence a deed marked *Exhibit P-5,* in which the grantees are named as "Anna Winfield and Silas Winfield, her husband." This deed is not printed in the printed book sent up with the record. How can we tell whether it was improperly admitted in evidence without an opportunity to inspect the paper or at least so much of it as shows the point raised. The specific oral testimony objected to is not pointed out. But passing this and taking up the merits of the case.

Judge Lawrence filed a comprehensive finding of facts, with his conclusion and the rules of law applicable thereto as made by him, we concur.

The essential facts summarized, as the basis of the trial court's conclusions, are these, the plaintiff alleged that she

was married to Silas Winfield in Brooklyn on April 29th, 1888. Proof of the claimed marriage was not established at the trial by any formal record or any witness present at the time. They lived together until 1893, when a separation took place; she had no communication with him, made no effort to have him resume their alleged marital relation or to require him to provide for her and her child. The deed dated June 14th, 1911, was executed in pursuance of a prior duly executed written contract for sale with Anna Winfield admittedly not the Anna Winfield, the plaintiff. She made the payments, in part at least, of the consideration money at the times and in the manner stipulated in the contract. A dwelling house was subsequently erected on the land and certain bonds and mortgages were signed and duly executed by Anna Winfield and Silas Winfield, as her husband, the grantees named in the deed, for loans obtained thereon by them. Both grantees entered into possession of the premises and actually occupied them until April 4th, 1924, when Silas Winfield died intestate. Anna Winfield then continued in possession and occupation until June 17th, 1926, when she died testate. She devised the premises to Dorothy Vivian Saunders, the infant defendant, subject to a life estate therein of the other defendant, James Holmes. The trial judge found that the plaintiff was not the Anna Winfield described above and mentioned in the deed of June 14th, 1911. The trial court applied the well established rule of law, that the plaintiff must depend upon the strength and validity of her own title. She cannot rely upon the weakness of the defendant's title. *Hoyt* v. *Buckenmyer,* 96 *N. J. L.* 245; *Nugent* v. *Lindsley,* 97 *Id.* 268.

Parol evidence was admitted to identify the grantee named in the deed of June 14th, 1911 "Anna Winfield." It is a common and well established practice to admit parol testimony to identify persons or property named in a deed or record. This was not error. This practice does not offend against the rule, that parol evidence will not be received to contradict or vary the terms of a written instrument. Such as is enunciated in the case of *Naumberg* v. *Young,* 44 *N. J.*

*L.* 331. But the rule stated in that case does not apply. *Cubberly* v. *Cubberly,* 12 *Id.* 308; *Griscom* v. *Evens,* 40 *Id.* 402; 4 *Wigm. Ev.* (*1st ed.*) 3508, § 2474; 22 *Corp. Jur.* 1192, § 1593; 10 *R. C. L.* 1078, §§ 274, 275.

In these citations there will be found many cases supporting the above rule.

If Anna Winfield mentioned in the deed of June 14th, 1911, was the lawful wife of Silas Winfield at his death, she became the surviving tenant by the entirety. *Vunk* v. *Raritan River Railroad Co.,* 56 *N. J. L.* 395, 398; *Fulper* v. *Fulper,* 54 *N. J. Eq.* 431, if, however, she was not his lawful wife, then she took as a tenant in common, she having contributed to the consideration of the deed. In any view that is taken of the case, as the plaintiff was not the grantee actually named in the deed, it was not error for the trial court to hold, that the plaintiff could not recover possession of the land, as surviving tenant by the entirety.

The judgment of the Monmouth County Circuit Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.