OWEN J. DEVLIN, FRANK DEVLIN AND PAUL DEVLIN, BY HIS NEXT FRIEND, ALICE KENNY DEVLIN, PLAIN-TIFFS-RESPONDENTS, v. WHITEHEAD BROTHERS COMPANY ET AL., DEFENDANTS-APPELLANTS.

Submitted October 30, 1936—Decided January 22, 1937.

For the appellants, *George L. Burton.*

For the respondents, *R. E. & A. D. Watson.*

PER CURIAM.

Appellants Sarah J. Newmeyer and May Gertrude New-meyer, individually and as executrices and trustees under the

last will and testament of John Newmeyer, Jr., The First National Bank of South River, New Jersey, a corporation, executor and trustee under the last will and testament of John Newmeyer, Jr., Anna M. Newmeyer, now known as Sister Agnes Marita, a member of the Order of the Sisters of Charity, James A. Newmeyer and Grace Newmeyer, his wife, Frank J. Newmeyer and Margaret Newmeyer, his wife, and Cyril J. Newmeyer, who were some of the defendants below, appeal from a judgment (no copy thereof is contained in the record submitted) based on a jury verdict in the Middlesex County Circuit in favor of the respondents, who were the plaintiffs below.

This is an ejectment suit. Plaintiffs sought to eject defendants from a certain dock and right of way located on a triangular piece of land on the "Westerly bank of Lawrence Creek at the intersection of the same with the Raritan River, East Brunswick Township, Middlesex County * * *."

Appellants concede that plaintiffs owned a tract of land containing some four hundred acres as described in the deed from Adam Kaiser to Jennie Devlin, dated October 19th, 1869 (*Exhibit P-1*); that "the only issue * * * is whether the disputed triangle is included within the description contained in the Kaiser-Devlin deed."

This appeal is rested on the grounds that the trial judge erred in denying appellants' motion to nonsuit and to direct a verdict in their favor. In support thereof it is argued here, as it was below, that the proofs submitted in support of plaintiffs' strength and validity of title (*Winfield* v. *Saunders,* 105 *N. J. L.* 580; 147 *Atl. Rep.* 537) "was weak, vague, uncertain, indefinite, speculative and conjectural;" and thus it is contended that it was reversible error to submit such proofs to the jury for its determination.

We have carefully examined all the proofs and the legitimate inferences to be drawn therefrom and concur in the view taken by the learned trial judge who correctly held that a jury question was presented.

Judgment is affirmed, with costs.

362

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Case, Bodine, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ.  14.

*For reversal*—None.